IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STATE OF NEW YORK, et al.<br><br>　　　　　Defendants. | Civil Action No.: 77-cv-343(NAM) |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISSOLVE CONSENT DECREE

Comes now Plaintiff United States of America (the "United States") and the State of New York and the Superintendent of the New York State Police (hereinafter, collectively referred to as the "State" or "Defendants"), and hereby move this court for an order dissolving the Final Consent Decree ("Decree") entered by the Court on October 19, 1979 (the "Decree,") and any modifications thereto.[1]

## BACKGROUND

On September 8, 1977, the United States filed a lawsuit against the State, alleging that the defendants were engaged in a pattern or practice of discrimination against "blacks, Spanish-surnamed Americans and women with respect to employment opportunities within the New York

---

[1] Pursuant to paragraph 7 of the Decree, "the Court shall retain jurisdiction of this action for such further relief or other orders, if necessary and appropriate, and to ensure implementation of and compliance with the granted herein."

State Police" in the hiring and promotion of New York State Troopers, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq* ("Title VII"). *See* Docket Entry No. 254, Attachment 2, Declaration of Thomas A. Capezza [hereinafter Capezza Decl.], Oct. 9, 2014, ¶ 3. The lawsuit alleged, among other things, that the defendants engaged in a pattern or practice of unlawful employment practices, including: (a) failing or refusing to hire and promote blacks and Hispanics on an equal basis as whites; (b) failing or refusing to recruit and hire women on an equal basis with men; (c) utilizing qualifications, tests and other selection standards for hiring and promotion that have a disproportionately adverse impact on blacks, Hispanics and women; (d) failing or refusing to establish valid selection standards; and (e) failing or refusing to take appropriate action to correct the continuing effects of past discriminatory policies and practices. *Id.* After a trial of twenty-four days, the court issued an Order for Relief holding that the State's discriminatory hiring practices with respect to blacks, Hispanics and women were in violation of Title VII. *Id.* After the court's order, the parties agreed to a Consent Decree in order to effectuate the relief ordered by the court and this Decree was entered by the court on October 19, 1979. *Id.*

While the overall objectives of the Decree are to remedy past race discrimination and eliminate future race discrimination in the State's employment of State Troopers, the Decree specifies the course of action that the State was to undertake to ensure that persons seeking employment as a Trooper or promotion to a higher rank in the New York State Police were not subjected to discriminatory employment practices. *Id.* ¶ 4. As initially entered, the Decree required, among other things, that the State: (a) include qualified blacks and Hispanics as approximately forty percent (40%) of each class of entry-level Troopers until the representation of both groups reflected their composition in the relevant New York State labor market (as

estimated by the 1970 Census as 10.8% and 3.36%, respectively) (Decree at Sec. II, ¶ 2); (b) continue efforts to develop valid, job-related examinations (Decree at Sec. III, ¶ 4); (c) utilize only valid selection procedures (for the selection of entry-level Troopers) that do not have an adverse impact on blacks, Hispanics or women (Decree at Sec. III, ¶ 4); and (d) continue and increase efforts to recruit blacks, Hispanics and women, (Decree at Sec. IV, ¶ 5); *see also* Capezza Decl., ¶ 4.  The Decree also required that the State provide, semi-annually and upon request, compliance reports to the United States.  (Decree at Sec. VI, ¶ 9 – 11); *see also* Capezza Decl., ¶ 4.  In 1989, the Court dissolved the remedial hiring goals established in the 1979 Decree but again ordered the State to develop a lawful, valid entry-level examination for the Trooper position.  7/11/1989 Order at 3; *see also* Capezza Decl., ¶ 4.  The 1989 Order modifying the 1979 Decree remains in effect. Per the Decree, the Court retains jurisdiction to order "such further relief or other orders, if necessary and appropriate."  Decree at Sec. VII; *see also* Capezza Decl., ¶ 4.

## DISCUSSION

It is well-settled that consent decrees designed to remedy past and to prevent future Title VII violations should "operate as . . . temporary tool[s]."  *U.S. v. New York,* 711 F.Supp. 699, 702 (N.D. N.Y. 1989).  They "are not intended to operate in perpetuity," and must "not extend beyond the time required to remedy the effects of past . . . discrimination."  *J.G. v. Bd. of Educ. of the Rochester City Sch. Dist.*, 193 F.Supp.2d 693, 699 (quoting *Bd. of Educ. of Okla. City Pub. Schs. v. Dowell,* 498 U.S. 237, 247-248 (1991)).  Thus, dissolution is required when a long-standing consent decree has provided relief for victims of past discrimination and good faith observance of its provisions has remedied the violation of federal law.  *Dowell,* 498 U.S. at 247-

250.   The parties to this action believe that the goals of the Decree in this case have been achieved and that the Decree, and any modifications thereto should be dissolved.

Courts should "apply a flexible standard in determining [whether] modification or termination should be ordered in light of either changed circumstances or substantial attainment of [a] [consent] decree's objective." *Patterson v. Newspaper & Mail Deliverers' Union*, 13 F.3d 33, 38 (2d Cir. 1993).  Thus, the principal inquiry is "whether the principal objectives of the consent decree have been fully achieved." *U.S. v. Dist. Council of New York City and Vicinity of the United Bhd. Of Carpenters and Joinders of Am.,* 571 F. Supp.2d 555, 568 (S.D. NY. 2008). Here, the objectives of the Decree were to "remedy past discrimination" (Decree at Sec. II, ¶ 3), and to eliminate the use of unlawful "[employment] practices which den[ied] to blacks, [Hispanics] and women equal employment opportunities."  (Decree at Sec. I, ¶ 4).

In joining with the State for dissolution of the Decree, the United States has determined that the State is in substantial compliance with the objectives of the Decree. *See, Patterson*, 13 F.3d at 39 (affirming vacation of a decree where "its essential purpose had been achieved."); *c/f, U.S. Dist. Council of New York City and Vicinity of the United Bhd. Of Carpenters and Joiners of Am.*, 571 F. Supp.2d at 568-569 (court denied motion to terminate consent decree where the moving party failed to show that the decree's objectives had been sufficiently achieved to justify termination); *see also* Capezza Decl., ¶ 5.  This determination is based upon the State's willingness and considerable efforts in developing a valid, job-related entry-level Trooper examination, results from the 2013 New York State Police Trooper Entrance Examination, the State's significant recruitment efforts, and a review of the State's semi-annual compliance reports and census data.  Capezza Decl., ¶ 5.  This information supports the United States' determination that the State has substantially complied with the objectives of the Decree.  *Id.*

First, the State has cooperated fully with the United States in its efforts to develop and implement a written test that complies with federal law and the orders of this Court. For instance, the State has developed and administered an entry-level Trooper selection process that includes a written examination used as a screening device that has not had an adverse impact on black, Hispanic or female applicants. *Id.* ¶ 6. Results from this administration show that the 2013 New York State Trooper Entrance Examination has not had a statistically significant disparate impact on black and Hispanic applicants while maintaining validity. *Id.*

Second, the State has implemented affirmative recruitment efforts designed to inform blacks, Hispanics and women of entry-level Trooper opportunities within the New York State Police and to secure qualified applicants. *Id.* ¶ 7. For example, the State used public announcements including radio, newspapers, and highway banners; social media including internet sites; and numerous State Police appearances at public events including career fairs, as well as NAACP and Urban League-sponsored hiring events throughout the State. *Id.* The State explored all of these avenues in an effort to make potential applicants aware of the upcoming exam dates. *Id.*

When this lawsuit was filed in September 1977, the State employed approximately 2,712 sworn personnel. *Id.* Of that number, there were only 13 (.48%) blacks, 9 (.33%) Hispanics, and 6 (.22%) women. *Id.* As of June 30, 2014, the State's semi-annual compliance report noted that of the 4,622 sworn members of the New York State Police, 275 (5.9%) were black, 261 (5.6%) were Hispanic, and 400 (8.6%) were women. *Id.* During that same time period, 166 persons were hired into entry-level Trooper positions, of whom 11 (6.6%) were black, 10 (6.0%) were Hispanic, and 22 (13.3%) were women. *Id.* Whereas, comparable work force data (from the U. S. Census Bureau from 2006 – 2010) for U.S. citizens between ages 20-29, with some college or

a bachelor's degree,[2] in the State of New York's labor force, reflects a participation rate of 1.9% for blacks, 1.9% for Hispanics and 7.1% for women. (Exhibit 3, EEO7r: Educational Attainment by Younger Age Groups, Sex, and Race/Ethnicity, for Resident/Geography, Citizen, Percent); *see also* Capezza Decl., ¶ 7. This evidences great strides by the State in the recruiting and hiring of blacks, Hispanics and women. Capezza Decl., ¶ 7.

---

[2] As outlined on the New York State Police website, to become a New York State Trooper, applicants must:

> (a) be a citizen of the United States and be at least 20 years old by the application deadline; and (b) not have reached their 30th birthday by the date of the application deadline, once applications become available. Except the maximum age may be extended one year for each year of full-time active military duty - up to a maximum of 6 years.
>
> At the time of appointment, candidates must, among other things:
>
>> (a) be at least 21 years old;
>> (b) not have reached their 36th birthday, except the maximum age may be extended one year for each year of full-time active military duty - up to a maximum of 6 years;
>> (c) be a New York State resident and have a valid New York State driver's license; and
>> (d) possess a:
>>    - Graduate certificate from senior high school, Or
>>    - New York State High School Equivalency Diploma, Or
>>    - Military GED Certificate, Or
>>    - High School Equivalency diploma from another state converted to a NYS High School Equivalency Diploma, And
>>    - Have completed 60 college credit hours at an accredited college or university.
>
> Thirty (30) college credits may be waived, if the candidate has either: received an Honorable Discharge from the United States military after two years of active military service; or, successfully completed a Certified Police Officer Training Course approved by, or equivalent to a course approved by, the New York State Municipal Police Training Council.

New York State Police Recruitment Center, *Qualifications for New York State Trooper, at* http://www.nytrooper.com/qualifications.cfm.

Finally, the United States is not aware of any other claims concerning the employment practices of the State that would be actionable under the Decree. *Id.* ¶ 8. This Decree has been in place for approximately thirty-five years. *Id.* ¶ 9. The State now recruits and hires blacks, Hispanics and women in accordance with both federal law and this Decree. *Id.* The alleged pattern-or-practice violations of Title VII that the Decree sought to remedy over three decades ago, *i.e.*, the recruitment of and selection processes for State Troopers implemented by the State, have been addressed. *Id.* Further, the State's efforts over the years have resulted in significant improvement in the representation of all groups for which the Decree sought relief. *Id.*

Accordingly, the parties submit that the State is in substantial compliance with the Decree and any modifications thereto, and as such, they should be dissolved in their entirety.

## CONCLUSION

For the reasons stated herein, the United States, the State of New York, and the Superintendent of the New York State Police respectfully request that the Court dissolve the Decree and any modifications thereto in their entirety and dismiss the case.

Respectfully submitted,

| On behalf of the United States of America | On behalf of the State of New York and the Superintendent of the New York State Police |
|---|---|

Dated: January 15, 2015

| On behalf of the United States of America | On behalf of the State of New York and the Superintendent of the New York State Police |
|---|---|
| VANITA GUPTA<br>Acting Assistant Attorney General | s/ Thomas A. Capezza<br>Thomas A. Capezza<br>Counsel, New York State Police |
| DELORA L. KENNEBREW<br>Chief | Bar Roll Number: 503159<br>Division Headquarters<br>1220 Washington Ave.<br>Albany, NY 12226 |
| By: | Telephone: (518) 457-6137<br>Fax: (518) 485-1164 |
| JOHN P. BUCHKO D.C. Bar Number: 452745<br>Special Litigation Counsel | Email: thomas.capezza@troopers.ny.gov |
| s/ Alicia D. Johnson<br>Alicia D. Johnson DC Bar Number: 494032<br>Senior Trial Attorney<br>Employment Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>PHB 4906<br>Washington, DC 20530<br>Telephone: (202) 305-4349<br>Fax: (202) 514-1005<br>alicia.johnson@usdoj.gov | s/ Lois Goland<br>Lois Goland NY Bar Number: 101796<br>Deputy Counsel<br>New York State Police<br>Division Headquarters<br>1220 Washington Avenue<br>Albany, New York 12226<br>(518) 457-6137<br>Fax: (518) 485-1164<br>Email: lois.goland@troopers.ny.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of _____, 2014, the following documents, Notice of Joint Motion to Dissolve the Consent Decree, Joint Motion to Dissolve the Consent Decree, Memorandum of Law, and Declaration, were filed electronically filed with the Clerk of the Court through CM/ECF, and that such system will provide notification of the filing to counsel of record for all parties.

        **s/Thomas A. Capezza**
Thomas A. Capezza NY Bar Number: 503159
Attorney for Defendants State of New York
and Superintendent of the New York State Police
Counsel
New York State Police
Division Headquarters
1220 Washington Avenue
Albany, New York 12226
Telephone: (518) 457-6137
Fax: (518) 485-1164
Email: thomas.capezza@troopers.ny.gov